UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIAM FAISAL ABDO M. AL-HARBI; and
SULAIMAN AHMED HAMOOD AL-MADHLOOM,

                  Plaintiffs,

v.                                          5:24-CV-1336
                                          (GTS/ML)

MARCO RUBIO,[1] United States Secretary of
State; EMBASSY OF THE UNITED STATES OF
BOLIVIA; and UNITED STATES DEPARTMENT
OF STATE,

                  Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

GOLDBERG & ASSOCIATES                JULIE GOLDBERG, ESQ.
  Counsel for Plaintiffs
3005 Oakwood Boulevard
Melvindale, MI 48122

UNITED STATES ATTORNEY'S OFFICE     RANSOM P. REYNOLDS, III, ESQ.
NORTHERN DISTRICT OF NEW YORK      Assistant United States Attorney
  Counsel for Defendants
100 South Clinton Street
Syracuse, NY 13261-7198

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this immigration action filed by Mariam Faisal Abdo M.

Al-Harbi and Sulaiman Ahmed Hamood Al-Madhloom ("Plaintiffs") against United States

---

[1]     Pursuant to Fed. R. Civ. P. 25(d), the Court orders substitution of Marco Rubio in this action in his capacity as the current United States Secretary of State for former United States Secretary of State Antony Blinken.

Secretary of State Marco Rubio, the Embassy of the United States of Bolivia, and the United States Department of State ("Defendants"), is Defendants' motion to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 7.)  For the reasons set forth below, Defendants' motion is denied in part and granted in part, and Plaintiffs' Complaint is dismissed.

I.      RELEVANT BACKGROUND

   A.      Plaintiff's Complaint

Generally, in Plaintiffs' Complaint, they asserts four claims: (1) a claim for breach of contract, in which Plaintiffs allege that Defendants' acceptance of filing fees related to the application for an immigrant visa created a contract with Plaintiffs, but that Defendants failed to act in good faith when adjudicating that application; (2) a claim that Defendants violated Section 706 of the Administrative Procedures Act ("APA") by failing to apply the proper legal standards and making an arbitrary and capricious decision related to whether Plaintiff Al-Madhloom had provided false documents to others in a manner that constituted smuggling under the relevant statute; (3) a claim that Defendants violated Section 1152(a)(1)(A) of the Immigration and Nationality Act ("INA") by discriminating against Plaintiff Al-Madhloom in the consideration and denial of his visa application based on his nationality or place of birth (which, in this case, was Yemen); and (4) a claim pursuant to the Declaratory Judgment Act.  (Dkt. No. 1.)

   B.      Parties Briefing on Defendants' Motion to Dismiss

      1.      Defendants' Memorandum of Law

2

Generally, in their motion to dismiss, Defendants make four arguments. (Dkt. No. 7, Attach. 1.) First, Defendants argue that the doctrine of consular nonreviewability bars review of the denial of Plaintiff Al-Madhloom's visa because such decisions by consular officials are final, conclusive, and not subject to judicial review, and all of Plaintiffs' claims are based on the core premise that Defendants committed error or wrongdoing in arriving at the decision to deny the visa. (*Id.* at 5-6, 7.)

Second, Defendants argue that, apart from being barred by the doctrine of consular nonreviewability, Plaintiffs' breach-of-contract claim must fail because (a) a visa application is not a contract, (b) Plaintiffs have failed to allege any waiver of sovereign immunity by the United States that would permit them to bring such a claim in this Court, and (c) even if the application could be considered to be a contract, the only "promise" made was to adjudicate that application, which has been done here. (*Id.* at 6-7.)

Third, Defendants argue that, apart from being barred by the doctrine of consular nonreviewability, Plaintiffs' claim that Defendants violated the INA must fail because (a) the non-discrimination provision they rely upon does not create any cause of action, and (b) that provision applies only to the issuance of an immigrant visa (i.e., *after* the consular officer has determined that the noncitizen is admissible) and therefore does not apply to the process of determining whether the applicant is admissible. (*Id.* at 7-8.)

Fourth, Defendants argue that Plaintiffs' claim under the Declaratory Judgment Act does not independently provide any claim upon which they can be entitled to relief if all of their other claims are dismissed. (*Id.* at 8.)

### 2. Plaintiffs' Opposition Memorandum of Law

Generally, in their opposition memorandum of law, Plaintiffs make five arguments. (Dkt. No. 9.) First, Plaintiffs argue that the Court has subject-matter jurisdiction because the Supreme Court has found that the consular nonreviewability doctrine is not jurisdictional. (*Id.* at 11-12.)

Second, Plaintiffs argue that the doctrine of consular nonreviewability should not apply in this case because Defendants have violated the law and acted outside the scope of their authority. (*Id.* at 13-14.)

Third, Plaintiffs argue that they have stated viable claims for breach of contract because (a) the Tucker Act affords district courts concurrent jurisdiction with the Court of Federal Claims over breach-of-contract actions against the United States not exceeding $10,000, and (b) Defendants' citation to a case to support their argument that the visa application did not form a contract is inapposite. (*Id.* at 14-15.)

Fourth, Plaintiffs argue that they have stated viable claims under the INA because they have plausibly alleged that Defendants have policies and practices that discriminate specifically against Yemeni applicants. (*Id.* at 15-16.)

Fifth, Plaintiffs argue that they have stated viable claims under the APA because they have plausibly alleged that Defendants exceeded the scope of their authority permitted by Congress by "imposing *ultra vires* requirements not in the statute or regulations" when making the determination that Plaintiff Al-Madhloom engaged in conduct that constituted the "smuggling" of another person and using that determination to deny his application. (*Id.* at 16-18.)

### 3.    Defendants' Reply Memorandum of Law

Generally, in reply, Defendants make five arguments. (Dkt. No. 12.) First, Defendants argue that the doctrine of consular nonreviewability bars Plaintiffs' claims because (a) Plaintiffs have not cited any authority to suggest that the doctrine in inapplicable to their claims, and they have not asserted any sort of constitutional claim that would present an exception to application of that doctrine, (b) even if they had raised a constitutional claim, Defendants provided a facially legitimate and bona fide reason for denying the visa by citing the specific statute upon which the determination was based, and (c) there is no separate exception for "bad faith" as Plaintiffs appear to assert. (*Id.* at 4-6.)

Second, Defendants argue that Plaintiffs have not stated a viable contract claim because (a) Plaintiffs provide no authority to support their contention that filing a visa application creates a contract with the government, (b) there is no waiver of sovereign immunity because the Tucker Act authorizes only actions for money judgments and not suits for equitable relief, and (c) Plaintiffs misconstrue the statutory authority regarding the waiver of sovereign immunity. (*Id.* at 7-8.)

Third, Defendants argue that Plaintiffs have not stated a viable claim under the INA because, in addition to the reasons already discussed, Plaintiffs have not pleaded actual instances of discrimination, only vague references to a discriminatory policy against Yemeni applicants. (*Id.* at 8.)

Fourth, Defendants argue that Plaintiffs have not stated a viable claim under the APA because, not only is it barred by the doctrine of consular nonreviewability, but the premise of Plaintiffs' arguments are inconsistent with the reason actually provided by the consular official for the denial. (*Id.* at 8-9.)

5

Fifth, Defendants argue that Plaintiffs have not stated any independent claim under the Declaratory Judgment Act, and they have not opposed this argument in their opposition memorandum of law. (*Id.* at 9.)

## II.    GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at

212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

7

pleading must contain at least "some factual allegation[s]." *Id*. at 555.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted).  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

8

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at \*1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a]

III.    ANALYSIS

After careful consideration, the Court answers the question of whether it may review

Plaintiffs' asserted claims in the negative for the reasons stated in Defendants' memoranda of

law (other than their reliance on Fed. R. Civ. P. 12[b][1] as a vehicle for dismissal).  *See supra,*

Parts I.B.1 and 3 of this Decision and Order.  To those reasons, the Court adds the following

analysis.

As an initial matter, to the extent that Defendants have sought dismissal pursuant to Fed.

R. Civ. P. 12(b)(1) based on the doctrine of consular nonreviewability, the Supreme Court has

clarified that such doctrine is not jurisdictional.  *Dep't of State v. Muñoz*, 602 U.S. 899, 908 n.4

(2024) (citing *Trump v. Hawaii*, 585 U.S. 667 [2018]).  Rather, the doctrine is more

appropriately considered to be a decision on the merits pursuant to Fed. R. Civ. P. 12(b)(6).

*Esghai v. U.S. Dep't of State*, 24-CV-2993, 2024 WL 4753799, at *3 (S.D.N.Y. Nov. 12, 2024)

(quoting *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1027 [D.C. Cir. 2021]); *Thermabalan*

*v. Blinken*, 732 F. Supp. 3d 269, 274-75 (S.D.N.Y. 2024) (collecting cases).  For this reason, the

Court denies Defendants' motion to the extent it has sought relief pursuant to Fed. R. Civ. P.

12(b)(1) and considers Defendants' arguments only pursuant to the framework of Fed. R. Civ. P.

12(b)(6).

Nevertheless, the doctrine of consular nonreviewability bars the Court from considering

Plaintiffs' claims.  The Supreme Court "'has recognized that the admission and exclusion of

foreign nationals is a fundamental sovereign attribute exercised by the Government's political

---

defendant's motion to dismiss, without converting the proceeding to one for summary
judgment.") (internal quotation marks and citation omitted).

departments largely immune from judicial control.'"  *Muñoz*, 602 U.S. at 907 (quoting *Trump*,

585 U.S. at 702).  "The Immigration and Nationality Act (INA) does not authorize judicial

review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review

those decisions.'"  *Muñoz*, 602 U.S. at 908.  Here, all of Plaintiffs' claims, no matter how they

are characterized, seek to have the Court review the validity of the consular official's reason for

denying Plaintiff Al-Madhloom's visa application, because all of those claims are premised on

Plaintiffs' allegations that such reason was false, inaccurate, and/or proffered in bad faith.  The

bar therefore applies, whether or not Plaintiffs have alleged facts plausibly suggesting that there

was some flaw in the Defendants' process or reasoning or that they acted outside the scope of

their authority.[3]  *See Guy v. Blinken*, 22-CV-6889, 2023 WL 4665764, at *2 (E.D.N.Y. July 20,

2023) (noting that "[t]he doctrine of consular nonreviewability applies even where the consular

officer's decision was 'erroneous, arbitrary, or contrary to agency regulations'"); *accord Al Saidi*

*v. U.S. Embassy in Djibouti*, 544 F. Supp. 3d 289, 299 (E.D.N.Y. 2021); *Qadar v. Mayorkas*, 18-

CV-6817, 2021 WL 1143851, at *5 (S.D.N.Y. Mar. 24, 2021).

The only recognized exception to the doctrine of consular nonreviewability "exists 'when

the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.'"  *Muñoz*, 602

U.S. at 908 (quoting *Trump*, 585 U.S. at 703).  In such a case, a court is permitted to conduct a

---

[3]      The Court notes that the denial from the consular officer attached to the Complaint
appears to meet the requirements of 8 U.S.C. § 1182(b)(1), which states that, if an application for
admission to the United States is denied because the officer determines that the individual is
inadmissible, the officer must provide timely written notice that (a) states that determination, and
(b) lists the specific provision or provisions of law under which the inadmissibility was based.  8
U.S.C. § 1182(b)(1).  Notably, the denial (a) informed Plaintiff Al-Madhloom that his visa
application was refused because he was found ineligible to receive a visa, and (b) the basis for
that finding was Section 212(a)(6)(E) of the INA, with a written explanation stating, "for
providing false documents to visa applicants in Riyadh."  (Dkt. No. 1, Attach. 1, at 30.)

limited review to determine whether the consular official "gave a 'facially legitimate and bona fide reason' for denying the visa." *Muñoz*, 602 U.S. at 908 (quoting *Kerry v. Din*, 576 U.S. 86, 103-04 [2015]).  If such reason is found, "the inquiry is at an end—the Court has disclaimed the authority to 'look behind the exercise of that discretion,' much less to balance the reason given against the asserted constitutional right." *Muñoz*, 602 U.S. at 908 (quoting *Din*, 576 U.S. at 104). The Second Circuit has recognized that, in assessing whether the reason provided is bona fide, the court may consider allegations that the consular officer acted in bad faith.  *Am. Academy of Religion v. Napolitano*, 573 F.3d 115, 125-26 (2d Cir. 2009).

Here, Plaintiffs have not asserted any claim that involves a burden on their constitutional rights.  Indeed, Plaintiff Al-Madhloom, who is neither a U.S. citizen nor has any constitutional right to enter the United States, cannot assert any such claim.  *Muñoz*, 602 U.S. at 908. Moreover, Plaintiffs allege that Plaintiff Al-Harbi is a lawful permanent resident, not a U.S. citizen.  (Dkt. No. 1, at ¶ 11; Dkt. No. 1, Attach. 1, at 8.)  The Supreme Court's case law indicates that the exception to the consular nonreviewability doctrine applies specifically to "burdens [on] the constitutional rights of a *U.S. citizen*." *Muñoz*, 602 U.S. at 908 (emphasis added); *see Thermabalan v. Blinken*, 732 F. Supp. 3d 269, 275-76 (S.D.N.Y. 2024) (collecting cases).  Therefore, to the extent Plaintiff Al-Harbi could attempt to raise a constitutional claim, it still would not suffice to warrant the application of the exception.  Because Plaintiffs have not (and cannot) raise any constitutional claim related to the visa denial that would merit applying the "burden on constitutional rights" exception here, the Court cannot conduct even the narrow assessment provided by that exception.

12

Plaintiffs appear to argue that, notwithstanding the above, an additional exception applies arising from their allegation that the consular officer acted in bad faith. (Dkt. No. 9, at 9-11.) However, none of the cases that Plaintiffs cite in their memorandum supports a conclusion that a separate "bad faith" exception exists even in cases where the plaintiff has not alleged a burden on the constitutional rights of a U.S. citizen. In fact, all of the cases they cite related to their discussion of bad faith involved the assertion of claims under either the First Amendment or the Due Process Clause. (Dkt. No. 9, at 10-11.) Plaintiffs have therefore not shown that allegations of bad faith alone, no matter how meritorious, constitute an exception to the consular nonreviewability doctrine.

Because the consular nonreviewability doctrine applies here, the Court finds that it cannot review Defendants' denial of Plaintiff Al-Madhloom's visa, and, because all of Plaintiffs' claims are premised on the impropriety of the basis for that denial, it must dismiss Plaintiffs' Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss the Complaint (Dkt. No. 7) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: August 25, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

13